1  ELAINE H. MARZOLA, ESQ.
   Nevada Bar No. 12442
2  YVONNE RUIZ, ESQ.
   Nevada Bar No. 14111
3  **MARZOLA & RUIZ LAW GROUP PLLC**
   2920 North Green Valley Parkway
4  Building 2, Suite 219
   Henderson, Nevada 89014
5  Telephone: (702) 707-4878
   Fax: (702) 846-0776
6  Email:  yvonne@marzolaruizlaw.com
   *Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| OLIVER ZACARIAS-MEJIA, | ) | CASE NO.: 2:23-cv-00053-MMD-EJY |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (SECOND REQUEST)** |
| GEICO CASUALTY COMPANY, | ) | |
| Defendant. | ) | |

Defendant GEICO CASUALTY COMPANY ("GEICO"), by and through its attorneys of record of the law firm McCormick, Barstow, Sheppard, Wayte, & Carruth LLP, and Plaintiff OLIVER ZACARIAS-MEJIA ("Plaintiff"), by and through his attorneys of record of Marzola Ruiz Law, hereby submit this Stipulation and Order to Continue Discovery Deadlines (First Request). Specifically, due to the parties' motion early dispositive motion practice, the parties now seek to extend the discovery deadlines by sixty (60) days.

**I.      DISCOVERY COMPLETED BY THE PARTIES**

The parties have served their initial disclosures and supplements thereto.  Defendant served written discovery, to which Plaintiff has timely responded.  Plaintiff served written discovery, to which GEICO has responded after an extension was granted.

Plaintiff provided a signed HIPAA authorization to GEICO on April 24, 2023 and are

1

beginning the process of collection medical records and bills.

On May 19, 2023, GEICO deposed Plaintiff.

## II.  DISCOVERY WHICH REMAINS TO BE COMPLETED

Plaintiff has not yet deposed GEICO's FRCP 30(b)(6) witness.  The parties have yet to depose any lay witnesses.

Expert discovery has not yet begun.

## III.  REASON WHY DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMIT SET BY THE DISCOVERY PLAN

Discovery in this matter does not close until September 15, 2023, however the parties come now anticipating additional time needed to conduct all discovery in this matter.  The parties have been working diligently and cooperatively.  GEICO filed a Motion to Dismiss all but the breach of contract claim on January 17, 2023, which the Court heard and granted on April 10, 2023 (ECF No. 22).  With no pending causes of action as to claim handling, the parties agreed to hold off on discovery as to the remaining causes of action until 30 days *after* Plaintiff filed an Amended Complaint in anticipation of it containing factual allegations regarding claims handling, which had not been originally pleaded.  Such agreement forestalled the necessity of GEICO filing a motion for protective order to limit discovery to the breach of contract claim, which is mindful of Fed. R. Civ. P. 1 and 26(b). Plaintiff then complied with the Court's order and filed his Amended Complaint on April 24, 2023. (ECF No. 23). The Amended Complaint reintroduces Plaintiff's extra-contractual causes of action.  GEICO filed its Answer to First Amended Complaint on April 26, 2023.  (ECF No. 26).  Thereafter, on May 18, 2023, GEICO served its responses to Plaintiff's First Set of Interrogatories, Plaintiff's First Request For Admissions and Plaintiff's First Request For Production of Documents.  However, a discovery dispute has arisen between the parties as to said responses, which the parties are attempting to resolve in good faith without the Court's assistance.  This will require additional time for the parties to work out.  Unfortunately, these issues must be resolved first before initial expert disclosures are due, as the discovery sought is needed by Plaintiff's expert in order to issue an

initial expert report. Consequently, the parties need additional time to conduct the necessary discovery.

## IV. GOOD CAUSE EXISTS TO GRANT THE REQUESTED EXTENSION

The parties have engaged in discovery, however, any expert discovery will be best and most meaningfully conducted following meaningful written discovery and obtaining medical records. The parties therefore maintain that a 60-day extension of the existing discovery deadline dates is necessary to provide time to retain experts who will provide reports, and who are likely to be deposed. The parties acknowledge that this stipulation is submitted 14 days before the expiration of the July 17, 2023, deadline for initial expert disclosures. Plaintiff's counsel submits that there is excusable neglect on her behalf as to why it was not submitted more than 21 days prior to the deadline pursuant LR 26-3. Specifically, Plaintiff's counsel is currently without any staff and in her calculation of the deadline miscalculated the date. Once Plaintiff's counsel realized her mistake, she immediately prepared the stipulation for submission. Plaintiff's counsel is only a few dates late in the submission of the stipulation and took all steps necessary to rectify the mistake. Lastly, the additional time will allow the parties to participate in mediation, if they so choose.

## V. THE CURRENT SCHEDULE FOR COMPLETION OF ALL REMAINING DISCOVERY:

The parties request that the pertinent discovery deadlines set forth in the Court's Scheduling Order be continued sixty (60) days, as follows:

A. **ESTIMATE OF TIME REQUIRED FOR DISCOVERY**: Pursuant to Local Rule 26-1(b)(1), and with the Court's approval, discovery shall be completed on or before **November 14, 2023.**

B. **EXPERT WITNESS DISCLOSURES**: Unless otherwise stated herein, and the Court so orders, the date for the parties to exchange initial expert witness disclosures shall be sixty (60) days prior to the discovery cut-off date, but not later than **September 15, 2023**, and

rebuttal expert disclosures shall be thirty (30) days prior to the discovery cut-off date, but not later than **October 15, 2023**.

   C. <u>DISPOSITIVE MOTIONS</u>: Unless otherwise stated herein, and the Court so orders, the date for filing dispositive motions shall be thirty (30) days after the discovery cut-off date, but not later than **December 14, 2023**.

   D. <u>PRETRIAL ORDER</u>: Unless otherwise stated herein, and the Court so orders, the joint pretrial order shall be filed thirty (30) days after the date set for filing dispositive motions, but not later than **January 13, 2024**.  Should the parties file dispositive motions, the deadline to file the joint pretrial order will be thirty days from the date of the order regarding any such dispositive motions.

Dated:  July 3, 2023

          McCORMICK, BARSTOW, SHEPPARD,
            WAYTE & CARRUTH LLP

         By:  /s/ Cheryl A. Grames
          Jonathan W. Carlson, Nevada Bar No. 10536
          Cheryl A Grames, Nevada Bar No. 12752
          Stacy Norris, Nevada Bar No. 15445
          Attorneys for GEICO Casualty Company

Dated:  July 3, 2023

          MARZOLA & RUIZ LAW GROUP PLLC

         By  /s/ Yvonne Ruiz
          Elaine H. Marzola, Nevada Bar No. 12442
          Yvonne Ruiz, Nevada Bar No. 14111
          Attorneys for Plaintiff Oliver Zacarias-Mejia

         IT IS SO ORDERED.

         _____
         U.S. MAGISTRATE JUDGE

         Dated:  July 5, 2023